IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT <br> OPPORTUNITY COMMISSION, <br> 10 S. Howard Street, Third Floor <br> Baltimore, MD 21201 <br><br> Plaintiff, <br><br> v. <br><br> ENOCH PRATT FREE LIBRARY, <br> 400 Cathedral Street <br> Baltimore, MD 21201 <br><br> and <br><br> MAYOR AND CITY COUNCIL OF BALTIMORE, <br> 100 North Holiday Street <br> Baltimore, MD 21202 <br><br> Defendants. | Civil Action No. <br><br><br><br> COMPLAINT <br><br><br> JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under the Equal Pay Act of 1963 to restrain the unlawful payment of wages to employees of one sex at rates less than the rates paid to employees of the opposite sex, and to collect back wages due to employees as a result of such unlawful payments. The United States Equal Employment Opportunity Commission ("the EEOC" or the "Commission") alleges that Defendants Enoch Pratt Free Library and Defendant Mayor and City Council of Baltimore (collectively "Defendants") discriminated against Librarian Supervisor I Ann Marie Harvey and a class of aggrieved female employees by paying them lower wages than those paid to their male counterpart for performing equal work.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217, to enforce the requirements of the Equal Pay Act of 1963, codified as Section 6(d) of the FLSA, 29 U.S.C. § 206(d).

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland, Northern Division.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of, inter alia, the Equal Pay Act, and is expressly authorized to bring this action by Sections 16(c) and 17 of the FLSA, 29 U.S.C. §§ 216(c) and 217, as amended by Section 1 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and Public Law 98-532 (1984), 98 Stat. 2705.

4.      At all relevant times, Defendant Enoch Pratt Free Library ("Defendant Enoch Pratt") has continuously been the library system throughout the City of Baltimore in the State of Maryland.

5.      At all relevant times, Defendant Mayor and City Council of Baltimore ("Defendant Baltimore City") has continuously been a city government in the State of Maryland.

6.      At all relevant times, Defendant Enoch Pratt has acted directly or indirectly as an employer in relation to employees and has continuously been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

7.   At all relevant times, Defendant Baltimore City has acted directly or indirectly as an employer in relation to employees and has continuously been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

8.   At all relevant times, Defendant Enoch Pratt has continuously been a public agency within the meaning of Sections 3(x) of the FLSA, 29 U.S.C. § 203(x).

9.   At all relevant times, Defendant Baltimore City has continuously been a public agency within the meaning of Sections 3(x) of the FLSA, 29 U.S.C. § 203(x).

10.   At all relevant times, Defendant Enoch Pratt has continuously employed employees engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(b), (i) and (j) of the FLSA, 29 U.S.C. §§ 203(b), (i) and (j) and has continuously been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(r) and (s) of the FLSA, 29 U.S.C. §§ 203(r) and (s), in that said enterprise has continuously been an enterprise that has employees engaged in an activity of a public agency.

11.   At all relevant times, Defendant Baltimore City has continuously employed employees engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(b), (i) and (j) of the FLSA, 29 U.S.C. §§ 203(b), (i) and (j) and has continuously been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(r) and (s) of the FLSA, 29 U.S.C. §§ 203(r) and (s), in that said enterprise has continuously been an enterprise that has employees engaged in an activity of a public agency.

## STATEMENT OF EQUAL PAY ACT CLAIMS

12. Since at least June 27, 2016, Defendants have violated Sections 6(d)(1) and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206(d)(1) and 215(a)(2), by paying Ann Marie Harvey and a class of aggrieved female employees lower wages than those paid to their male colleagues for performing equal work.

   a. Ann Marie Harvey ("Harvey") began working for Defendants on March 10, 1997 as a Librarian I. In January 2002, Defendants promoted Harvey to a Librarian Supervisor I at their Waverly Branch within their Neighborhood Library Services Division ("NLS").

   b. Librarian Supervisor I's working within NLS are responsible for administering and operating a branch library.

   c. Librarian Supervisor I's working within NLS have moderate-sized staffs and administrative responsibilities.

   d. Librarian Supervisor I's working within NLS perform the same core duties.

   e. The requirements for the Library Supervisor I position in NLS include a Master's Degree in Library science from a college or university accredited by the American Library Association and three years of experience including one year in supervising subordinate library staff.

   f. The position of Librarian Supervisor I falls within Defendants' Managerial and Professional (MAPS) classification system.

   (1) Up until July 2015, Defendants' classification system was based on longevity of service.

   (2) In July 2015, Defendants transitioned to a Pay for Performance system consisting of an open salary range and no formal steps.

(3)   Merit increases are now determined annually based on a performance evaluation process.

(4)   The salary range for a Librarian Supervisor I is now between $59,600 and $95,400.

(5)   New employees may be hired up to the mid-point of the classification's range ($77,500).

(6)   Branch location has no impact on the salaries of Library Supervisor I's.

g.   On or about June 27, 2015, Defendants hired Willie Johnson as a Librarian Supervisor I at the salary of $68,900. Johnson had previously resigned from Defendants on February 5, 2014 to accept a Branch Manager position with Cecil County Public Library, a smaller library system with only seven branches.

h    Prior to his resignation, Defendants employed Willie Johnson as a Librarian Supervisor I for 10 years (August 2004 to February 2014); as a Librarian for two years (September 2002 to August 2004) and as a Security Officer for approximately four years (August 1998 to September 2002).

i.   Prior to his resignation in 2014, Defendants paid Willie Johnson a lower annual salary than that paid to Librarian Supervisor I's Harvey, Linda Schwartz, Carletta Young, Julia Johnson and Nancy Yob.

(1)   Defendants paid Willie Johnson $56,500 in 2013.

(2)   Defendants paid Linda Schwartz $63,900 in 2013.

(3)   Defendants paid Carolotta Young $60,800 in 2013.

(4)   Defendants paid Ann Marie Harvey $59,300 in 2013.

(5)   Defendants paid Nancy Yob $59,300 in 2013.

 (6) Defendants paid Julia Johnson $59,200 in 2013.

 j. Harvey, Schwartz, Young, Johnson and Yob had more years of librarian experience than did Willie Johnson.

 k. Harvey, Schwartz, Young, Johnson and Yob had more years of supervisory librarian experience than did Willie Johnson.

 l. According to Defendants' personnel policy, Defendants may reinstate an individual to a position in the same job classification from where he/she voluntarily resigned provided that not more than one year has transpired since the employee's resignation.

 m. According to Defendants' personnel policy, if more than one year has lapsed since the employee's resignation, the individual must follow the normal rules for applying for employment with Defendants.

 n. More than a year after his resignation from Defendants, Johnson reached out to Defendants for re-employment.

 o. Defendants rehired Johnson on or about June 27, 2015, without a specific open vacancy, placing him for approximately seven months at their Brooklyn Branch where there was already another Library Supervisor I, Linda Schwartz. Johnson's and Schwartz's management branch management duties at Brooklyn Branch overlapped.

 p. In or around January 2016, Defendants reassigned Johnson to the Northwood Branch following the retirement of Library Supervisor I Sylvia Coker. Johnson's pay did not change with his reassignment to different branch.

 1. At the time of Johnson's rehire in June 2015, Defendants paid Willie Johnson a higher annual salary than that paid to Harvey, Schwartz, Young, Julia Johnson and Yob.

 (1) Defendants paid Willie Johnson $68,900 in 2015.

(2)   Defendants paid Linda Schwartz $67,800 in 2015.

(3)   Defendants paid Carolotta Young $64,500 in 2015.

(4)   Defendants paid Ann Marie Harvey $62,900 in 2015.

(5)   Defendants paid Nancy Yob $62,900 in 2015.

(6)   Defendants paid Julia Johnson $62,900 in 2015.

r.   Defendants did not compensate Harvey for the more demanding responsibilities she assumed during and after the renovation of the Waverly Branch.

s.   In or around March 2016, after learning of Johnson's published salary, Harvey complained to Defendants about the disparate wages.

t.   Harvey, Young, Yob and Julia Johnson continue to earn lower wages than those paid to Willie Johnson when he was a Library Supervisor I.

u.   Prior to her retirement in April 2016, Schwartz earned lower wages than those paid to Willie Johnson when he was a Library Supervisor I.

13.   As a result of the acts complained of above, Defendants unlawfully have withheld the payment of wages and is continuing to withhold the payment of wages due to Harvey and a class of aggrieved female employees.

14.   The unlawful practices complained of in paragraph 12 above were willful.

## PRAYER FOR RELIEF

Wherefore, the Commission requests that this Court:

A.   Grant a permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from discriminating against females with respect to their compensation and from paying female employees lower compensation than their male comparators for performing equal work.

B.   Order Defendants to institute and carry out policies, practices and programs that provide equal employment opportunities for women and eradicate the effects of their past and present unlawful employment practices.

C.   Order Defendants to make whole Harvey and a class of aggrieved female employees by providing appropriate backpay with prejudgment interest, in amounts to be proved at trial, and an equal sum as liquidated damages, as a result of the acts complained of above.

D.   Grant such further relief as this Court deems necessary and proper in the public interest.

E.   Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

JAMES L. LEE
Acting General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

DEBRA M. LAWRENCE
Regional Attorney

MARIA SALACUSE (Bar No. 15562)
Supervisory Trial Attorney
phone: 410-209-2733 | fax: 410-962-4270
maria.salacuse@eeoc.gov
U.S. EEOC - Baltimore Field Office
10 S. Howard Street, 3rd Floor
Baltimore, Maryland 21201