IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

v.          Civil Action No. CCB-17-2860

ENOCH PRATT FREE LIBRARY, ET AL.

## MEMORANDUM

The Equal Employment Opportunity Commission (EEOC) filed this suit against Enoch Pratt Free Library and the Mayor and City of Baltimore ("the defendants") alleging pay discrimination in violation of the Equal Pay Act of 1963 ("EPA"). Now pending before the court is the defendants' motion to dismiss. (ECF No. 12.) This motion has been fully briefed, and no oral argument is necessary to its resolution. *See* Local Rule 105.6 (D. Md. 2016). For the reasons that follow, the motion will be denied.

## BACKGROUND[1]

The Enoch Pratt Free Library ("Enoch Pratt") is a library system that operates in the city of Baltimore, Maryland. (Compl. ¶ 4, ECF No. 1.) Among its various employees are Librarian Supervisor I's who are "responsible for administering and operating a branch library." (*Id.* ¶ 12(a).) These employees "have moderate-sized staffs and administrative responsibilities" and "perform the same core duties." (*Id.* ¶ 12(c).) Librarian Supervisor I's are required to have a Master's Degree in Library Science from an American Library Association-accredited college or university and three years of library supervisory experience. (*Id.* ¶ 12(e).)

---

1 All facts stated below are as alleged in the complaint, unless otherwise noted.

Librarian Supervisor I's are paid according to the Managerial and Professional classification system, which currently provides a salary range of $59,600 to $95,400 for this position. (*Id.* ¶ 12(f).) New Librarian Supervisor I's may be hired at a starting salary of up to $77,500, the midpoint of the range. (*Id.*) Since July 2015, there have been no formal steps within the salary range for a position, and merit pay increases are provided based on performance evaluations. (*Id.*) Prior to that date, the classification system was based on longevity of service. (*Id.*) Specific branch location does not influence the salaries of Librarian Supervisors I. (*Id.* ¶ 12(f)(6).)

Ann Marie Harvey has worked as a Librarian Supervisor I at the Waverly Branch within Enoch Pratt since January 2002. (*Id.* ¶ 12(a).) Willie Johnson was employed as a Librarian Supervisor I from August 2004 to February 2014, when he resigned. (*Id.* ¶ 12(h).) Prior to his resignation, Mr. Johnson was paid a lower salary than Ms. Harvey and four other identified female Librarian Supervisor I's. (*Id.* ¶ 12(i).) These five women had more supervisory and librarian experience than Mr. Johnson. (*Id.* ¶ 12(j).) When he was rehired as a Librarian Supervisor I in 2015, Mr. Johnson was paid at a higher rate ($68,900) than the five female Library Supervisor I's. (*Id.* ¶ 12 (g, 1).)[2] Mr. Johnson was rehired without a specific open position, so initially he was assigned to work at the Brooklyn Branch, where another female Librarian Supervisor I already worked. (*Id.* ¶ 12(o).) He was reassigned to the Northwood Branch after another female Library Supervisor I retired, and his pay did not change. (*Id.* ¶ 12(p).)

Ms. Harvey learned of the pay disparity in March 2016. (*Id.* ¶ 12(r).) She complained to the defendants, who have not increased her salary, nor those of the other four female Librarian Supervisor I's. (*Id.* ¶ 12(s-u).)

The EEOC filed this complaint on September 27, 2017, alleging that since at least June 27, 2016, the defendants have paid Ms. Harvey and other female Librarian Supervisor I's a lower wage than their male counterparts for performing equal work. (*Id.* ¶ 12.) The defendants filed a motion to dismiss for failure to state a claim on February 26, 2018. The EEOC filed its opposition on March 5, 2018. (ECF No. 14.) The defendants filed their reply on March 20, 2018. (ECF No. 17.)

## ANALYSIS

When ruling on a motion under Rule 12(b)(6), the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). "Even though the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him, they also provide criteria for defining issues for trial and for early disposition of inappropriate complaints." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). "The mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those

---

2 The numeral 1 appears to be a typo. For clarity's sake, the paragraph cited is the second to last paragraph on page 6 of the complaint.

elements." *Walters*, 684 F.3d at 439 (citation omitted). "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

"The EPA prohibits gender-based discrimination by employers resulting in unequal pay for equal work." *U.S. Equal Employment Opportunity Commission v. Maryland*, 879 F.3d 114, 120 (4th Cir. 2018) (citing 29 U.S.C. § 206(d)(1); *Corning Glass Works v. Brennan*, 417 U.S. 188, 195 (1974)). "To successfully plead a case of sex discrimination under the EPA, a plaintiff must plausibly allege: '(1) that her employer has paid different wages to employees of opposite sexes; (2) that the employees hold jobs that require equal skill, effort, and responsibility; and (3) that such jobs are performed under similar working conditions.'" *Reardon v. Herring*, 191 F.Supp.3d 529, 547 (E.D.Va. 2016) (quoting *Maron v. Virginia Polytechnic Inst. & State Univ.*, 508 Fed. Appx. 226, 232 (4th Cir. 2013)).

The defendants argue that the complaint should be dismissed because the EEOC did not allege pay discrimination with sufficient specificity. They argue not enough detail was provided regarding the job responsibilities of Mr. Johnson and the female Librarian Supervisor I's to determine whether they were actually performing equal work. This argument fails. Taking the facts in the complaint as true, the EEOC has pled sufficient facts to support its claim and cross the line from conceivable to plausible. The facts alleged go beyond conclusory statements. The Librarian Supervisor I's require the same educational and experiential qualifications: a master's degree in Library Science and three years of relevant supervisory experience. All Librarian Supervisor I's share the same core duties of operating a branch library, managing moderate-sized staffs, and performing accompanying administrative duties. Notably, the specific branch

placement does not impact their salaries.

Particular to Mr. Johnson as a comparator, he was not hired to perform a specific job at a specific branch, but was hired generally and provided a permanent position only after another Librarian Supervisor I retired. Prior to this opening, he was staffed at the same branch as a female Librarian Supervisor I and had overlapping responsibilities with her. His salary did not change when he became the sole Librarian Supervisor I at the new branch. It is reasonable to infer from the facts stated in the complaint that managing different branch libraries within the same city requires the same substantive responsibilities in similar working conditions, particularly in light of the fact that Mr. Johnson was hired without a particular branch position open and was permanently assigned only after another Librarian Supervisor I retired. These facts rise above mere conclusory statements.

The defendants rely heavily on *E.E.O.C. v. Port Authority of New York and New Jersey*, a case in which the Second Circuit upheld a decision granting judgment on the pleadings to the defendant. 768 F.3d 247 (2d Cir. 2014.) There, the court found that the broad descriptions of attorneys' work across various departments and the haphazard selection of comparators was insufficient to state a plausible claim. The Second Circuit stressed that their determination was informed by the fact that during its administrative investigation "the EEOC had ready access to Port Authority documents and employees, including to the claimants asserting EPA violations, yet the EEOC failed—in fact repeatedly rejected the need—to allege any factual basis for inferring that the attorneys at issue performed substantially equal work." *Id.* at 258. The context surrounding that case is critically different from the present case. Relying on "judicial experience and common sense," as encouraged by the Second Circuit, the court notes that the employing institution in this case appears to be smaller, the number of employees much more limited, and

the employees at issue do not appear to have as varied job responsibilities as the various attorneys employed across many different divisions within the Port Authority. The EEOC cites to a case from another district within this circuit, *Reardon v. Herring*, which provides a more apt comparison, noting that "[r]equiring such comprehensive factual detail at this stage would be contrary to Fed. R. Civ. P. 8's requirement of 'a short and plain statement of the claim' showing that the pleader is entitled to relief." 191 F.Supp.3d at 549. As in *Reardon*, the plaintiff here did assert the job responsibilities of the employees at issue. The factor-by-factor comparison encouraged by the defendants is not necessary to state a plausible claim sufficient to survive a motion to dismiss. *See Kramer v. Board of Educ.*, 788 F.Supp.2d 421, 429 (D.Md. 2011) ("The court finds that, at least for the purpose of surviving a motion to dismiss, alleging 'identical tasks' conveys the same meaning as 'equal work.'"). Similarly, the EEOC here has pled sufficient facts to survive a motion to dismiss.

The defendants also argue that facts contained within the EEOC's Amended Determination that preceded this case prove an affirmative defense that justifies dismissal of this complaint. Specifically, they argue that the pay disparity is based on a factor other than gender: that they matched competitive salary offers to determine Mr. Johnson's salary upon rehire. The defendants, however, are irresponsibly mischaracterizing the content of the Amended Determination. They have selectively quoted a portion of a single sentence on the first page, "Respondent took into consideration competitive salary offers and matched the prior salary paid to the male comparator." (Memo. Supp. Mot. Dismiss at 5 and 13, ECF No. 12-1 (quoting Ex. A, Amended Determination at 3, ECF No. 12-2).) They characterize this phrase as a finding of the EEOC. Yet, this is facially incorrect. The full sentence reads "**Respondent also asserts** that pursuant to revised policies and procedures of Respondent's classification system, Respondent

took into consideration competitive salary offers and matched the prior salary paid to the male comparator." (Ex. A, Amended Determination at 3 (emphasis added).) The key introductory phrase reveals that the quoted sentence is a mere recitation of the defendants' argument before the EEOC, not a finding of fact.

The EEOC's actual finding in the Amended Discrimination is found on the next page, which unequivocally states "Although Respondent has raised factors other than sex to justify Johnson's higher wages, I find that those factors are pretext for sex discrimination." (Ex. A, Amended Determination at 4.) To be clear, the factors other than sex that were found by the EEOC to be pretext for sex discrimination encompass the matching of competitive salary offers. The defendants cannot prove an affirmative defense by citing to the Amended Determination, as the EEOC did not find that their consideration of competitive salary offers was a legitimate basis for the identified salary differences; indeed the EEOC found the opposite. Because this line of argument is based on a faulty reading of the underlying document and cannot justify dismissal of the complaint, the court will not reach the question of whether the Amended Determination is integral to the complaint. The court also is not ruling on whether any affirmative defense based on factors other than gender may be viable, only that such an affirmative defense cannot be proven by the document cited.

## CONCLUSION

For the reasons stated above, the motion to dismiss will be denied.

A separate order follows.

_8/2/18_
Date

_/s/ Catherine C. Blake_
Catherine C. Blake
United States District Judge