**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,                    *

    Plaintiff,                              *

  v.                                          *          Civil Action No. 8:17-cv-02860-PX

ENOCH PRATT FREE LIBRARY *et al.*,          *

    Defendants.                             *
                             ***

<u>**MEMORANDUM OPINION**</u>

Pending before the Court is Defendants' motion to review the Clerk's Order taxing Defendants costs.  ECF Nos. 108 & 109.  The motion is fully briefed and no hearing is necessary.  *See* D. Md. Loc. R. 105.6.  For the following reasons, the motion is DENIED.

**I.      Background**

This Court previously conducted a five-day virtual bench trial from September 28 to October 2, 2020, arising from Defendants' failure to pay five librarians an equal salary for equal work, in violation of the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d)(1).  ECF No. 83-88.  After thorough review of the record evidence, the Court found in the EEOC's favor.  *See* ECF Nos. 98 & 99.

On January 6, 2021, the EEOC filed a Bill of Costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, requesting that Defendants reimburse the EEOC $8,578.49 in costs, consisting of $6,934.75 for deposition transcripts and $1,643.74 for exhibit binders.  *See generally* ECF Nos. 100-1 & 100-2.  Defendants opposed the request, arguing that the trial issues were difficult and close such that cost-shifting would be unfair.  ECF No. 101 at 2.

On April 15, 2022, the Clerk ordered Defendants to pay the full amount of $8,578.49,

noting it lacked authority to do otherwise.  ECF No. 108 at 2-3.  Thereafter, Defendants filed the pending motion, asking the Court, essentially, to vacate the Clerk's Order assessing costs.  ECF No. 109.  For the reasons that follow, the award of costs shall stand.

**II.       Analysis**

Rule 54(d)(1) provides that costs "should be allowed to the prevailing party" after trial "unless . . . a court order provides otherwise."  Fed. R. Civ. P. 54(d)(1).  In this District, the Clerk of Court is entrusted with the taxation of costs in the first instance.  *See U.S. District Court for the District of Maryland Guidelines for Bills of Costs* § I.A; *see also* Fed. R. Civ. P. 54(d)(1) (providing that the "clerk may tax costs on 14 days' notice").   Although "the rule creates the presumption that costs are to be awarded to the prevailing party," *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999), the court retains "discretion to deny an award of costs" so long as the non-prevailing party articulates "good reason" for the denial.  *Ellis v. Grant Thornton LLP*, 434 Fed. App'x, 232, 235 (4th Cir. 2011).  "Good reason" includes "(1) misconduct by the prevailing party; (2) the unsuccessful party's inability to pay the costs; (3) the excessiveness of the costs in a particular case; (4) the limited value of the prevailing party's victory; or (5) the closeness and difficulty of the issues decided." *Ellis*, 434 F. App'x at 235 (citing *Cherry*, 186 F.3d at 446).  In essence, costs may be denied where a presumptive cost award carries with it an "element of injustice."  *Id.* (quoting *Cherry*, 186 F.3d at 446).

Defendants singularly contend that the Court should deny imposition of costs because the trial issues were close and difficult.  ECF No. 109 at 3.  "The closeness of a case is judged not by whether one party clearly prevails over another, but by the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficulty of discerning the law of the case."  *Grochowski v. Sci. Applications Int'l Corp.*, No. ELH-13-3771, 2017 WL 121743,

at *4 (D. Md. Jan. 12, 2017) (quoting *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 732–33 (6th Cir. 1986)).  The novelty of the legal issues is certainly of importance in assessing this factor.  *Ellis*, 434 Fed. App'x. at 235.  But so is the factual complexity of the case. *See Bennett v. CSX Transp., Inc.*, No. 5:10-CV-493-BO, 2015 WL 233223, at *1 (E.D.N.C. Jan. 16, 2015) ("While a Title VII or FELA claim itself is not particularly novel or complex, the factual issues presented in this matter were difficult and indeed hotly contested at trial and on appeal.")  (quotations omitted).

Although important and interesting, the case was not especially close or difficult.  The five-day trial involved 12 witnesses and approximately 170 exhibits.  ECF No. 109 at 5.  At the conclusion of evidence, the Court ordered the parties to submit short letter pleadings regarding the applicable legal authority. The Court ultimately issued a 25-page written decision addressing liability and damages as to all five claimants.  ECF No. 98.  *Cf. White*, 786 F.2d at 732 (denying costs where "the matter consumed 80 trial days, required 43 witnesses, produced 800 exhibits, generated almost 15,000 pages of transcript, and began a 95 page opinion").  As bench trials go, the case ran a customary course.

Similarly, the facts were straightforward.  The parties stipulated that the claimants were all paid less than their male counterpart, Willie Johnson.  J. Ex. ¶¶ 35-45.  And the evidence at trial clearly established that the claimants and Johnson performed substantially the same core duties.  *See* Trial Tr. Vol. I, 62-65, 124, 188-89; Vol. II, 29-32; Vol III, 58-60, 118.  To be sure, assessing the EEOC's prima facie case and pertinent affirmative defenses were fact-*intensive* inquiries.  But this alone does not make the facts complex.  *See Grochowski*, 2017 WL 121743, at *4.  *Cf. Skeberdis v. Brill*, No. 1:17-cv-00404-PX, 2019 WL 5625849 (D. Md. Oct. 31, 2019) (medical malpractice suit involving highly specialized expert testimony and voluminous medical

records); *Latson v. Clarke*, No. 1:16-cv-00039, 2019 WL 459713 (W.D. Va. Feb. 6, 2019) (civil

rights challenge regarding medical treatment during incarceration, involving extensive records,

expert evaluations, and reports).  Defendants simply have not convinced the Court that justice

requires vacating the Clerk's Order assessing costs.

      Separately, Defendants dispute the Clerk's award of $1,643.74 for exhibit binders as "not

taxable[.]"  *See* ECF No. 109 at 5.  But it is entirely proper to assess costs related to preparing

exhibit binders when there is "prior court approval, prior agreement between the parties, or a

showing of necessity."  *See U.S. District Court for the District of Maryland Guidelines for Bills

of Costs* § II.H.2.c.  The Court expressly directed the parties to supply the witnesses exhibit

binders to facilitate virtual testimony necessitated by the COVID-19 pandemic.  *See* ECF No. 81;

*see also* ECF No. 109 at 7.  Thus, Defendants, as the non-prevailing party, ought to foot that bill.

**III.**    **Conclusion**

      For the foregoing reasons, Defendants' motion to review the Clerk's Order taxing costs

(ECF No. 109) is denied.  A separate Order follows.

September 2, 2022
Date

/s/
Paula Xinis
United States District Judge